# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| LARRY PULLIAUM, | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:10-CV-0285 WL |
| SUPERINTENDENT, INDIANA STATE PRISON, | ) ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner Larry Pulliaum, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with a prison disciplinary hearing and subsequent administrative action. According to the petition, on May 5, 2010, a disciplinary hearing board ("DHB") found Pulliaum guilty of a disciplinary infraction and sanctioned him with a fifteen day commissary restriction and a loss of fifteen days of earned credit time, which was suspended. Five days later, on May 10, 2010, an administrative board also imposed a loss of contact visitation on him for a period of six months as a result of the DHB's finding of guilt. DE 1 at 4. Pulliaum asks that "the finding of guilt in this matter be reversed, and all sanctions imposed from the finding of guilt be rescinded." DE 1 at 7.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."*Id.* This

rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition, Pulliaum explicitly challenges the six month loss of visiting privileges imposed on May 10, 2010. He states that "the Petitioner was denied Due Process when: the Defendants illegally imposed the sanction of (DOC) policy 02-01-102, loss of contact visiting privileges, without proof that the Petitioner actually violated a facility rule while in the visiting area. The Petitioner was found guilty of a conduct report that had nothing to do with the visiting area." DE 1 at 3.

But the loss of contact visitation privileges is not a sanction that a prisoner can challenge in a habeas action. A prison disciplinary action can only be challenged in a habeas corpus proceeding where it lengthens the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). The Fourteenth Amendment's due process clause

2

does not provide prisoners due process protections from sanctions that do not effect the duration of their confinement. *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (distinguishing between a prison disciplinary sanction that will inevitably affect the duration of the inmate's sentence and sanctions that do not affect the duration of his sentence).

The six month loss of contact visitation privileges Pulliaum challenges in ground one of his petition will not lengthen the duration of his confinement. Prisoners may not use 28 U.S.C. § 2254 to challenge prison disciplinary sanctions that do not effect the duration of their confinement. *Sylvester v. Hanks*, 140 F.3d 713 (7th Cir. 1998).

In ground two of his petition, Pulliaum alleges that imposing an administrative sanction on him after the DHB had already imposed other sanctions on him violates the Fifth Amendment's prohibition against double jeopardy. The Constitution, however, does not preclude an administrative restriction on a prisoner's visitation based on a disciplinary hearing board having already found him guilty of an offense. The double jeopardy clause, applicable to the states by the Fourteenth Amendment, protects against a second prosecution for the same offense and multiple punishments for the same offense, but its scope is limited to criminal prosecutions. *Breed v. Jones*, 421 U.S. 519 (1975). Prison discipline does not constitute "prosecution" for double jeopardy purposes. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996) (holding that an acquittal in an earlier prison disciplinary hearing did not bar a subsequent hearing to consider the very same charge); *Garrity v. Fiedler*, 41 F.3d 1150, 1152–53 (7th Cir. 1994) (holding that prison disciplinary proceedings do not bar a subsequent criminal prosecution for the same offense).

3

In ground three of his petition, Pulliaum asserts that he has suffered an atypical and significant hardship because "the administration at this facility don't (sic) comply to their own mandatory regulations and policy." DE 1 at 5. Section 2254(a), however, provides that federal courts shall entertain an application for writ of habeas corpus in behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). That prison officials may not comply with their own mandatory regulations and policy, as alleged by this Petitioner in ground three of his petition, does not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997).

For the reasons stated in this order, the court **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on November 15, 2010

                                          s/William C. Lee
                                          William C. Lee, Judge
                                          United States District Court